**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Frances Adair Wood,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-02682-PHX-JJT

**ORDER**

At issue is the denial of Plaintiff Frances Adair Woods's Application for Supplemental Security Income by the Social Security Administration (SSA) under the Social Security Act. Plaintiff has filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 11, Pl. Br.), Defendant Social Security Administration Commissioner's Responsive Brief (Doc. 13, Resp.), and Plaintiff's Reply (Doc. 14, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 8, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 17–29) as upheld by the Appeals Council (R. at 1–4).

## I. BACKGROUND

Plaintiff filed an application for Supplemental Security Income on April 12, 2021, and she ultimately revised her alleged disability onset date to be the same day. (R. at 17, 58.) Plaintiff's claims were denied initially on October 4, 2022, and again upon reconsideration on April 13, 2023. (R. at 17.) Plaintiff then testified at a hearing before an ALJ on August 12, 2024. (R. at 47–107.) On September 12, 2024, the ALJ denied

Plaintiff's Application. (R. at 17–29.) On June 16, 2025, the Appeals Council denied a request for review of the ALJ's decision, rendering the ALJ's opinion the final agency decision. (R. at 1–4.)

Plaintiff also filed a previous application for disability insurance benefits, and on March 5, 2020, an ALJ entered a decision in that case finding Plaintiff was not disabled under the Act. (R. at 17.) Under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and Social Security Acquiescence Ruling 97-4, the ALJ in the present case noted that the prior ALJ's decision became administratively final such that the non-disability finding gave rise to a presumption that Plaintiff continued to be not disabled after the date of that decision, March 5, 2020; to overcome the presumption, Plaintiff must show "changed circumstances" indicating a greater disability. (R. at 17.) Here, the ALJ concluded Plaintiff made the required showing to overcome the presumption of continuing non-disability through evidence that her impairments may have become more severe. (R. at 17.) Nonetheless, under the applicable law, the ALJ noted he "must give effect to certain findings contained in the final prior hearing decision." (R. at 17–18.)

In the present case, the ALJ found that Plaintiff has severe impairments of lumbar, thoracic, and cervical degenerative disc disease; status post multiple surgeries; status post left hip surgery; and seizure disorder. (R. at 20–23.) After review of the evidence, the ALJ determined Plaintiff's Residual Functional Capacity (RFC) qualified her for work in the national economy at the unskilled, sedentary level, such that she is not disabled under the Act. (R. at 23–27.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable

person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520(a), the twin regulation applying to Disability Insurance Benefits). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 416.920(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises a single argument for the Court's consideration: the ALJ rejected Plaintiff's symptom testimony without specific, clear and convincing reasons supported by substantial evidence. (Pl. Br. at 1.)

The parties do not dispute that, from 2010 through 2024, Plaintiff had multiple and regular surgeries on her spine and hip to address pain, and she has been under the care of pain management and neurosurgery doctors during that period. (Pl. Br. at 3–11.) With regard to the medical opinion evidence addressing Plaintiff's functional capacity, the ALJ was somewhat persuaded by the state agency reviewing doctors' opinions that Plaintiff could perform light work and stand and walk for up to four hours, but the ALJ concluded that additional limitations on Plaintiff's exertional capacity were warranted given her "continued pain management, ongoing tenderness, limited range of motion and positive lumbar facet loading maneuver testing." (R. at 26.) The ALJ agreed that the medical record supported PA Jennifer Ebertshauser's assessment that Plaintiff was limited to no heavy lifting or significant exertional activity. (R. at 27.) The ALJ did not agree that the functional capacity assessment of Dr. Omar Gonzalez was supported by the medical record, observing that he is an infectious disease doctor—not a neurologist or physiatrist—who, although he claimed to see Plaintiff twice a year, only saw her once in 2024 and not at all in 2023. (R. at 26.) The ALJ also found the limitations Dr. Gonzalez assigned were "not consistent with observations that [Plaintiff's] gait, coordination, muscle tone, and sensation were all usually unremarkable." (R. at 27.) Plaintiff raises no issues with the ALJ's weighing of the medical opinion evidence.

Plaintiff does, however, take issue with the ALJ's assessment of Plaintiff's symptom testimony. While a claimant's credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). For example, "[i]n evaluating the credibility

of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

Here, the ALJ concluded that while Plaintiff's medically determinable impairments could be expected to cause the alleged symptoms, Plaintiff's statements about the "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 25.) For example, as a result of the multimodal therapy Plaintiff has received for pain and movement, the ALJ cited to specific portions of the record (R. at 25–26) to note Plaintiff's own reports of significant improvement in pain relief after almost all of Plaintiff's procedures, which are directly related to her functional capacity for work. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (noting "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability"). While Plaintiff has indisputably received a great deal of medical treatment on her spine and hip, she has also reported great improvement from the treatment, which was ongoing as of the last medical records in this case.

The ALJ also observed that Plaintiff's medical treatment records were inconsistent with her subjective statements regarding her limitations. In support, the ALJ cited numerous specific portions of the record showing Plaintiff with a normal gait and coordination, normal muscle bulk and tone with no atrophy, fasciculations, or spasticity, and full or slightly reduced strength. (R. at 25.) For example, the ALJ pointed out that Plaintiff's reports that pain prevents her from engaging in various activities and requires that she refrain from sitting, standing, or walking for long periods of time are inconsistent

with a great deal of her medical examinations. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.")

Other inconsistencies in Plaintiff's testimony bolstered the ALJ's finding that Plaintiff was not entirely credible. Plaintiff testified that she had seizures "once every couple of months" which prevented her from leaving home unattended (R. at 59), but at a September 2022 medical appointment she stated that her last seizure was in June 2021 (R. at 25 (citing R. at 3292).)

In sum, the ALJ provided adequate specific, clear and convincing reasons for discounting Plaintiff's testimony, and the reasons were sufficient for the Court not to disturb them. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ."). In the absence of finding material error on the part of the ALJ, the Court will affirm the ALJ's decision.

**IT IS THEREFORE ORDERED** affirming the September 12, 2024 decision of the ALJ (R. at 17–29), as affirmed by the Appeals Council (R. at 1–4).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 30th day of September, 2026.

Honorable John J. Tuchi
United States District Judge